1  DANIEL RENARD
   P.O. Box 6301
2  San Diego, California 92166
   Phone: 619-675-1692
3

4  Plaintiff, In Pro Se

FILED
08 JAN -2 AM 9:40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**NUNC PRO TUNC**
**DEC 31 2007**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RENARD<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO UNIFIED PORT DISTRICT;<br>and, DOES 1 -65 INCLUSIVE<br><br>　　　　Defendants | Case No. 07-CV-2347 JAH JMA<br><br>PLAINTIFFS OPPOSITION TO REMOVAL AND MOTION FOR REMAND<br><br>Date:　　　February 11, 2008<br>Time:　　　2:30 p.m.<br>Courtroom:　11<br>Hon. John A. Houston |

TO ALL PARTIES AND RESPECTIVE COUNSEL HEREIN,

　　NOTICE IS HEREBY GIVEN, that on the date and time captioned above, or as soon thereafter as the matter may be heard in Courtroom 11, of the United States District Court for the Southern District of California, located at 880 Front St. Suite 4290, San Diego, California 92101, Plaintiff Daniel Renard, will and hereby does oppose Defendants Notice of Removal under 28 U.S.C. § 1441(b), and for a moves the Court for and order for remand.

　　The motion will be made on this notice of motion, on the Memorandum of Points and Authorities attached hereto, on those matters which may be judicially noticed and on any and all further supporting evidence which may be properly presented at the time of the hearing on the instant motion.

Dated: 12-28-07　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　Daniel Renard
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff / In Pro Se

DANIEL RENARD
P.O. Box 6301
San Diego, California 92166
Phone: 619-675-1692

Plaintiff, In Pro Se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DANIEL RENARD | Case No. 07-CV-2347 JAH JMA |
|---|---|
| Plaintiff, | PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS REQUEST FOR REMOVAL AND MOTION FOR REMAND |
| vs. | |
| SAN DIEGO UNIFIED PORT DISTRICT; and, DOES, 1, through 65, INCLUSIVE | |
| Defendants | Date: February 11, 2008 |
| | Time: 2:30 p.m. |
| | Courtroom: 11 |
| | Hon. John A. Houston |

**BRIEF STATEMENT OF FACTS**

This action arises from a breach of settlement agreement between Plaintiff Daniel Renard and Defendants, SAN DIEGO UNIFIED PORT DISTRICT.

On or about December 02, 2003, Plaintiff and Defendants, SAN DIEGO UNIFIED PORT DISTRICT, entered into a settlement agreement and release of claims, (hereinafter referred to as the "AGREEMENT" arising from a civil action filed by Plaintiff against Defendants in the United States District Court case No. 03 CV 1443 J (JFS), on August 23, 2003.

Contained in the Agreement were provisions granting Plaintiff a "disabled", (persons with disabilities), permit to anchor his vessel in the "A-9""disabled" free anchorage area of San Diego Bay.

1  On or about June 06, 2006, the Board of Port Commissioners of the SAN DIEGO
2  UNIFIED PORT DISTRICT, voted to permanently eliminate the "A-9" anchorage, and revoke
3  Plaintiffs disabled permit, in clear violation of their Agreement with Plaintiff.
4  On or about August 15, 2007, Plaintiff filed a civil complaint in the Superior Court of the
5  State of California, County of San Diego, Case No. 37-2001-00073093-CU-BC-CTL, for
6  enforcement of the above mentioned settlement agreement.
7  Defendants in the instant case are seeking to have Plaintiffs State action removed to the
8  United State District Court under 28 U.S.C. § 1441(b), "Federal Question".
9  Plaintiff argues that Defendants motion is untimely in that Defendants failed to bring
10 its motion within thirty (30) days after the receipt by the Defendant of the initial pleading on which
11 Plaintiffs action is based, under 28 U.S.C. § 1446. (a true copy of Plaintiffs proof of service is
12 attached hereto as "Exhibit A", and made a part of this pleading). Plaintiff asserts that its initial
13 complaint is nearly identical to its First Amended complaint except as to specificity as to Plaintiffs
14 Fourth Cause of Action for Fraud.
15 Plaintiff further argues that the Federal Court lacks subject matter jurisdiction over the issue
16 of enforcement of Plaintiffs settlement agreement and therefore the case should be remanded to the
17 State Court.

### MEMORANDUM OF POINTS AND AUTHORTIES

A. **DEFENDANTS NOTICE SHOULD BE DENIED WHEREAS DEFENDANT FAILED TO BRING ITS ACTION WITHIN THE 30 DAY STATUTORY LIMIT SET FORTH UNDER 28 U.S.C. § 1446.**

28 U.S.C. § 1446, in pertinent part, states as follows:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
(b) The notice of removal of a civil action or proceeding shall be filed <u>within thirty days after the receipt by the defendant</u>, through service or otherwise, <u>of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based</u>, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. [Emphasis added]

1  Remand may be ordered either for lack of subject matter jurisdiction or for <u>any defect in
2  removal procedure</u>. 28 U.S.C. § 1447( c ); <u>Buckner v. FDIC</u> (5TH Cir. 1993) 981 F2d 816, 820.
3  A motion for remand also lies to challenge procedural defects, e.g. tardy filing of the removal notice
4  or defects in its form and content, etc.

5  In the instant case, Plaintiff filed its initial action on August 15, 2007, Plaintiff caused to be
6  served on Defendant a true copy of the Summons and Complaint on August 22, 2007. Defendants
7  filed its Notice of Removal on December 17, 2007, or, One Hundred Seventeen, (117) days after
8  service of Plaintiffs initial complaint, therefore Defendants Notice is barred under 28 U.S.C. § 1446.

9  Defendants will and have argued that they were, and have been, "unaware" of any other
10 documents filed in the State action other than Plaintiffs First Amended Complaint, and that upon
11 Plaintiffs filing and service of its FAC did Defendants first become aware of Federal Question
12 jurisdiction.

13 Plaintiff submits that this argument is absurd and without merit whereas notwithstanding
14 that Plaintiffs initial complaint is nearly identical to its FAC, council for Defendants appeared in
15 Court on the State action on 11/09/2007 for a hearing on its own motion for demurrer in which
16 there were over 20 separate documents filed and which was overruled. (a true copy of the minute
17 order of 11/09/2007 signed by Defense Counsel Ellen Gross Miles, is attached hereto as "Exhibit
18 B", and made a part of this pleading.)

19 **B.   PLAINTIFFS MOTION FOR REMAND SHOULD BE GRANTED, WHEREAS, THE FEDERAL COURT LACKS SUBJECT MATTER JURISDICTION OVER THE
20 ENFORCEMENT OF PLAINTIFFS SETTLEMENT AGREEMENT.**

21 Courts have jurisdiction to enforce settlement agreements between the parties after dismissal
22 <u>only if</u> the Court specifically retained jurisdiction to enforce the settlement after dismissal.
23 <u>Kokkonen v. Guardian Life Ins. Co. of America</u> (1994) 511 U.S. 375, 380-381, 114 S.Ct. 1673, 1677.

24 Parties who wish to retain the Courts' jurisdiction to enforce their settlement agreement may
25 do so either by having the Court expressly "retain jurisdiction", or by incorporating the terms of the
26 settlement agreement in the order of dismissal. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>
27 (1994) 511 U.S. 375, 380-381, 114 S.Ct. 1673, 1677; see <u>Hagestad v. Tragesser</u>, supra, 49 F3d
28 1432; <u>Hill v. Baxter Healthcare Corp.</u> (7th Cir.2005) 405 F3d 572, 576-577.

1       In the instant case, the Court did not specifically retain jurisdiction to enforce Plaintiffs

2 settlement agreement with Defendants, nor did either party request that the Court retain its

3 jurisdiction over the issue.

4       Additionally, enforcement issues are governed by applicable state contract law, even where

5 the settlement agreement relates to a federal question lawsuit. The facts to be determined with regard

6 to such alleged breaches of contract are quite separate from the facts to be determined in the principal

7 suit <u>Kokkonen v. Guardian Life Ins. Co. of America</u> (1994) 511 U.S. 375, 380-381, 114 S.Ct. 1673,

8 1677.

9       Further, Federal question jurisdiction cannot be based on regulations adopted by a Federal

10 Agency. Federal regulations are not legislation and therefore no indication of congressional intent

11 can be inferred. <u>Smith v. Dearborn Financial Services, Inc.</u> (6th Cir. 1993) 982 F2d 976, 980.

12 (Please see Defendants Notice for Removal, (page 2, ¶ 3) wherein Defendant claims its right to

13 removal arises from Plaintiffs claim for violation under 33 C.F.R. 110.90), a United States Coast

14 Guard Regulation.

15 C.     PLAINTIFFS MOTION TO REMAND SHOULD BE GRANTED WHEREAS THE
        SAVINGS TO SUITORS CLAUSE GRANTS THE STATE JURISDICTION OVER
16     IN PERSONAM MARITIME CAUSES OF ACTION

17     The Savings to Suitors Clause leaves State Courts competent jurisdiction to
    adjudicate "in personam" maritime causes of action where the action is against
18     a <u>Defendant personally</u> rather than against a ship or vessel. <u>Madruga v. Superior
    Court of California</u> (1954) 346 U.S. 556, 560-561, 74 S. Ct. 298, 301

19

20                               **CONCLUSION**

21       WHEREFORE, Plaintiff prays that Defendants Notice of Removal be denied and that

22 Plaintiffs action be remanded to the State Court for adjudication.

23

24 Dated: December 27, 2007                 By: _____
                                                  Daniel Renard
25                                                   Plaintiff / In Pro Se

26

27

28

## **TABLE OF AUTHORITIES**

Case Law

*Buckner v. FDIC* (5TH Cir. 1993) 981 F2d 816, 820 .................................................................. 3

*Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 U.S. 375, 380-381,
114 S.Ct. 1673, 1677 .................................................................................................................. 3

*Hagestad v. Tragesser*, supra, 49 F3d, 1432 ............................................................................. 3

*Hill v. Baxter Healthcare Corp.* (7th Cir.2005) 405 F3d 572, 576-577 ..................................... 3

*Madruga v. Superior Court of California* (1954) 346 U.S. 556, 560-561,
74 S. Ct. 298, 301 ....................................................................................................................... 4

*Smith v. Dearborn Financial Services, Inc.* (6th Cir. 1993) 982 F2d 976, 980 ......................... 4

Statutes, Codes

28 U.S.C. § 1441(b) .................................................................................................................... 3

28 U.S.C. § 1446 ......................................................................................................................... 3

28 U.S.C. § 1447( c ) ................................................................................................................... 3

# "EXHIBIT A"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DANIEL RENARD<br>PO BOX 6301<br>SAN DIEGO, CA 92166<br>TELEPHONE NO.: (619) 675-1692   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | AUG 23 '07 AM 9: |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. BROADWAY
MAILING ADDRESS: SAN DIEGO, CALIFORNIA 92101
CITY AND ZIP CODE:
BRANCH NAME: HALL OF JUSTICE

PLAINTIFF/PETITIONER: DANIEL RENARD
DEFENDANT/RESPONDENT: SAN DIEGO UNIFIED PORT DISTRICT, and, DOES 1 through 65, INCLUSIVE

CASE NUMBER: 37-2007-00073093-CU-BC-CTL

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
      SAN DIEGO UNIFIED PORT DISTRICT

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      TIMOTHY A. DEUEL, (CUSTODIAN OF RECORDS)

4. Address where the party was served: 3165 PACIFIC HIGHWAY, SAN DIEGO, CA 92101

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 8-22-2007   (2) at *(time)*: 2:15
   b. [ ] **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

| | |
|---|---|
| PLAINTIFF/PETITIONER: DANIEL RENARD | CASE NUMBER: |
| DEFENDANT/RESPONDENT: SAN DIEGO UNIFIED PORT DISTRICT | 37-2007-00073093-CU-BC-CTL |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*:  (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)* DANIEL RENARD
      under the following Code of Civil Procedure section:
      ☒ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                                 ☐ other:

7. **Person who served papers**
   a. Name: ROSE JACKSON
   b. Address: 2207 GARNET AVE. SUITE N
   c. Telephone number: SAN DIEGO, CA 92109
   d. **The fee** for service was: $ NONE
   e. I am:
      (1) ☒ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 22 AUGUST 2007

ROSE JACKSON
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    ▶ *[signature: Rose Jackson]*
                                                                            (SIGNATURE)

# "EXHIBIT B"

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL

## MINUTE ORDER

Date: 11/09/2007                              Time: 10:30:00 AM           Dept: C-72

Judicial Officer Presiding: Judge Michael M. Anello

Clerk: Yvette Stovall

Bailiff/Court Attendant: S. Reschke

ERM:

Reporter: Carol Montes
Case Init. Date: 08/15/2007                   Case Title: Renard vs. San Diego Unified Port District
Case No: 37-2007-00073093-CU-BC-CTL

Case Category: Civil - Unlimited      Case Type: Breach of Contract/Warranty

Event Type: Demurrer / Motion to Strike
Moving Party: San Diego Unified Port District
Causal Document & Date Filed: Demurrer, 09/21/2007

**Appearances:**

DANIEL RENARD is present for plaintiff
ELLEN GROSS is present in pro per

The Court hears oral argument and confirms the tentative ruling as follows:

The Court takes judicial notice of the existence of the seventeen (17) items requested by Defendant San Diego Unified Port District, but not the truth of such documents.
Defendant San Diego Unified Port District's Demurrer to Plaintiff's Complaint, c/a 1,2,5 and 7, is overruled as the contract-based c/a and declaratory relief c/a are adequately pled. The demurrer is sustained without leave to amend as to the 6th c/a for violation of the Unfair Competition Act, B&P 17200 et seq. That c/a does not exist against public entities. The demurrer to the 3rd and 4th c/a alleging negligent misrepresentation and fraud c/a is sustained with ten (10) days leave to amend, if able, to allege specific facts as to the who, when, what and where of what was stated or concealed by the Ds.
Plaintiff has ten (10) days from the date of this ruling to file an amended pleading, if able. If no amended pleading is filed, the Port District is to Answer those c/a found above to be validly stated within twenty (20) days of this ruling.

The minutes are the order of the Court. No formal order is required.



DATE: DEC 2 4 2007   2 pages total
Attest: A true copy,
Clerk of the Superior Court
By _____ Deputy
B. FOLLIS

(17)

MOCS

~~Calendar~~ No.: **14**

Court Use Only

# Superior Court of California
# County of San Diego

## SIGN-IN SHEET

**CASE:** 37-2007-00073093-CU-BC-CTL - Daniel Renard vs. San Diego Unified Port District

**EVENT TYPE:** Demurrer / Motion to Strike

**EVENT DATE/TIME:** 11/09/2007 10:30 am

**DEPARTMENT:** C-72

**JUDGE:** Michael M. Anello

| ATTORNEY/PARTICIPANT NAME | CLIENT NAME | SIGNATURE |
|---|---|---|
| GROSS, ELLEN | San Diego Unified Port District [DFN] | *Ellen Gross* |
| Renard, Daniel [PRO PER] | [PLN] *Daniel Renard* | *Daniel Renard* |
|  |  |  |
|  |  |  |
|  |  | **PLEASE PRINT AND SIGN NAME** |
|  |  |  |

B.F.

1
2
3
4
5
6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RENARD<br><br>    Plaintiff,<br><br>vs.<br><br>SAN DIEGO UNIFIED PORT DISTRICT;<br>DOES, 1, through 65, INCLUSIVE<br><br>    Defendants | Case No. 07-CV-2347 JAH JMA<br><br>PROPOSED ORDER<br><br>Date:        February 11, 2008<br>Time:        2:30 p.m.<br>Courtroom:   11<br>Hon. John A. Houston |

This matter came on regular hearing on motion of Plaintiff Daniel Renard.

FOR GOOD CAUSE APPEARING, it is hereby ordered as follows:

# ORDER

Defendants Notice of Removal is denied;

Plaintiffs Complaint No. CV 2347 JAH JMA, is hereby remanded to the Superior Court of the State of California, County of San Diego for adjudication.

Dated:_____.            By:_____
                                Judge of the United States District Court

## PROOF OF SERVICE
[F.R.C.P. Sec. II, Rule 4.1(a)]

UNITED STATES DISTRICT COURT       )    RENARD V. SAN DIEGO UNIFIED PORT DIST.
                                   )
                                   ) §§:  Case No: 07-CV-2347 JAH JMA
                                   )
SOUTHERN DISTRICT OF CALIFORNIA    )

    I am employed in the City of Carlsbad, County of San Diego, State of California. I am over the age of 18 years and not a party to the within mentioned action. My business address is 2207 Garnet Ave., Suite "N", San Diego, California 92109. On December 31, 2007 I caused the document(s) named below to be served on the interested parties in this action as follows:

| | | |
|---|---|---|
| DUANE E. BENNETT, ESQ. | ~~EDMUND G. BROWN~~ | ~~OFFICE OF THE GOVERNOR~~ |
| PORT ATTORNEY | ~~ATTORNEY GENERAL~~ | ~~ARNOLD SCHWARZENEGGER~~ |
| WILLIAM D. MCMINN, ESQ. | ~~110 WEST "A" STREET~~ | ~~1350 FRONT STREET~~ |
| DEPUTY PORT ATTORNEY | ~~SUITE 1100~~ | ~~SUITE 6054~~ |
| 3165 PACIFIC HWY. | ~~SAN DIEGO, CA 92186~~ | ~~SAN DIEGO, CA 92101~~ |
| P.O. BOX, 120488 | ~~(Courtesy Copy Only)~~ | ~~(Courtesy Copy Only)~~ |
| SAN DIEGO, CALIFORNIA 92112-0488 | | |

    **DOCUMENTS SERVED:**    PLAINTIFFS OPPOSITION TO REMOVAL AND MOTION TO REMAND

[X]  **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oceanside, California. I am readily familiar with the correspondence for mailing, said practice being that in the ordinary course of business, mail is to be deposited in the United States Postal Service the same day as it is placed for collection.

[ ]  **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee(s)

[ ]  **(BY SUBSTITUTED SERVICE ON NATURAL PERSON, MINOR, CONSERVATEE, OR CANDIDATE)**
By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household apparently in charge of the home, office, or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

[ ]  **(BY FACSIMILE)** I caused to be transmitted the document(s) described herein at approximately 3:00 p.m. via the Facsimile number(s) listed above. A copy of the transmission report(s) are attached hereto.

    I hereby declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

Executed on:  December 31, 2007

*/s/ Rose Jackson*
ROSE JACKSON