1  DANIEL RENARD
   P.O. Box 6301
2  San Diego, California 92166
   Phone: 619-675-1692
3

4  Plaintiff, In Pro Se

FILED

2008 FEB -4  AM 11: 06

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNH_____DEPUTY

5

6

7           **UNITED STATES DISTRICT COURT**

8           **SOUTHERN DISTRICT OF CALIFORNIA**

9  DANIEL RENARD

10                    Plaintiff,              Case No.  07-CV-2347-H (BLM)

11  vs.                                       RESPONSE TO DEFENDANTS'
                                              OPPOSITION TO PLAINTIFFS
12  SAN DIEGO UNIFIED PORT DISTRICT;          MOTION FOR REMAND

13                    Defendants

14

15        Plaintiff, DANIEL RENARD, hereby submits the following in response to Defendant

16  SAN DIEGO UNIFIED PORT DISTRICTS', opposition to Plaintiffs Motion for Remand.

17        PLAINTIFFS MOTION FOR REMAND SHOULD BE GRANTED, WHEREAS,
          THE FEDERAL COURT LACKS SUBJECT MATTER JURISDICTION OVER
18        THE ENFORCEMENT OF PLAINTIFFS SETTLEMENT AGREEMENT.

19        Courts have jurisdiction to enforce settlement agreements between the parties after dismissal

20  only if the Court specifically retained jurisdiction to enforce the settlement after dismissal.

21  _Kokkonen v. Guardian Life Ins. Co. of America_ (1994) 511 U.S. 375, 380-381, 114 S.Ct. 1673, 1677.

22        Parties who wish to retain the Courts' jurisdiction to enforce their settlement agreement may

23  do so either by having the Court expressly "retain jurisdiction", or by incorporating the terms of the

24  settlement agreement in the order of dismissal. _Kokkonen v. Guardian Life Ins. Co. of America_

25  (1994) 511 U.S. 375, 380-381, 114 S.Ct. 1673, 1677; see _Hagestad v. Tragesser_, supra, 49 F3d,

26  1432; _Hill v. Baxter Healthcare Corp._ (7th Cir.2005) 405 F3d 572, 576-577.

27  /././

28  /././

1    In the instant case no such retention of jurisdiction by the Federal Court was requested.

2    and therefore the Federal Court lacks subject matter jurisdiction. (See transcript of hearing, Dated

3    January 12, 2007 Case No. 06 CV2665-H-BLM, (Page 5, line 20-25, Page 6, line 1, a true copy of

4    which is attached hereto as "Exhibit A", and made a part of this pleading).

5    In its opposition, Defendant attempts to argue that the Federal Court properly retains

6    jurisdiction over a federal question and alleges that an implied cause of action exists in Plaintiffs

7    FAVC under the United States Constitution which did not exist in previous pleadings.

8    Defendant states in its opposition, (page 2, line 13, ¶ 3), that Plaintiffs allegation in its FAVC

9    that, "Plaintiff is informed and believes and upon such information and belief alleges that the SAN

10    DIEGO UNIFIED PORT DISTRICT has a pattern, practice and policy of seizing vessels" is the first

11    time such an allegation has appeared in the pleadings, thereon a federal question has just "arisen",

12    and therefore the Federal Court should retain jurisdiction under 28 U.S.C. § 1441(b).

13    Plaintiff asserts that this is a prevarication and that Defendants knew or should have known

14    that this allegation has been clearly stated throughout Plaintiffs initial complaint at, (page 2, ¶ 11),

15    and verbatim at, ( page 7, ¶ 38). (a true copy of Plaintiffs initial complaint is attached hereto as

16    "Exhibit B", and made a part of this pleading).

17    Furthermore, Defendants reliance on the above language as basis for a federal question is

18    unfounded whereas such allegations in Plaintiffs initial complaint and FAVC  go directly to

19    Plaintiffs exposure to such pattern, practice and policy but for Defendants Breach of Settlement

20    Agreement with Plaintiff.

21    Additionally, enforcement issues are governed by applicable state contract law, even where

22    the settlement agreement relates to a federal question lawsuit. The facts to be determined with regard

23    to such alleged breaches of contract are quite separate from the facts to be determined in the principal

24    suit *Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 U.S. 375, 380-381, 114 S.Ct. 1673,

25    1677.

26    Further, Federal question jurisdiction cannot be based on regulations adopted by a Federal

27    Agency. Federal regulations are not legislation and therefore no indication of congressional intent

28    can be inferred. *Smith v. Dearborn Financial Services, Inc.* (6th Cir. 1993) 982 F2d 976, 980.

1   (Please see Defendants Notice for Removal, (page 2,¶ 3) wherein Defendant claims its right to

2   removal arises from Plaintiffs claim for violation under 33 C.F.R. 110.90), a United States Coast

3   Guard Regulation.

4           **PLAINTIFFS MOTION SHOULD BE GRANTED WHEREAS DEFENDANT
            FAILED TO BRING ITS ACTION WITHIN THE 30 DAY STATUTORY LIMIT**
5           **SET FORTH UNDER 28 U.S.C. § 1446.**

6           28 U.S.C. § 1446, in pertinent part, states as follows:

7           (b) The notice of removal of a civil action or proceeding shall be filed <u>within thirty
            days after the receipt by the defendant</u>, through service or otherwise, <u>of a copy of the</u>
8           <u>initial pleading setting forth the claim for relief upon which such action or proceeding</u>
            <u>is based</u>, or within thirty days after the service of summons upon the defendant if
9           such initial pleading has then been filed in court and is not required to be served on
            the defendant, whichever period is shorter. [Emphasis added]
10

11          Remand may be ordered either for lack of subject matter jurisdiction or for <u>any defect in</u>

12   <u>removal procedure</u>. 28 U.S.C. § 1447( c ); *Buckner v. FDIC* (5TH Cir. 1993) 981 F2d 816, 820.

13   A motion for remand also lies to challenge procedural defects, e.g. tardy filing of the removal notice

14   or defects in its form and content, etc.

15          In the instant case, Plaintiff filed its <u>initial</u>[1] action on August 15, 2007, Plaintiff caused to be

16   served on Defendant a true copy of the Summons and Complaint on August 22, 2007. Defendants

17   filed its Notice of Removal on December 17, 2007, or, One Hundred Seventeen, (117) days after

18   service of Plaintiffs  <u>initial</u>, (see footnote), complaint.

19
                                    **CONCLUSION**
20

21          Defendants argument that the federal court retains jurisdiction over Plaintiffs FAVC  is not

22   only unfounded but is clearly a ruse. It was not until Plaintiffs <u>initial</u> complaint survived demurrer

23   in the State Court that Defendant remanded Plaintiffs FAVC to the federal court. If there was a

24   federal question which the federal court should retain jurisdiction, Defendants should have remanded

25   Plaintiffs initial complaint to the Federal Court but failed to do so.

26   _____

27          [1]. 28 U.S.C. § 1446 clearly states The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt
     by the defendant, through service or otherwise, of a copy of the **initial** pleading setting forth the claim for relief upon which such action or proceeding
28   is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required
     to be served on the defendant, whichever period is shorter.

1       Additionally, whereas the Federal Court retains jurisdiction to enforce settlement agreements

2 between the parties after dismissal <u>only if</u> the Court is specifically requested to retained jurisdiction

3 and no such retention was requested the Federal Court lacks subject matter jurisdiction.

4       Plaintiff further objects to the timeliness of Defendants filing of its Opposition to Plaintiffs

5 Motion for Remand. The Order of the Court clearly states that Defendant were to have filed it

6 response no later than January 28, 2008. Defendants failed to file by that date or otherwise notify

7 Plaintiff, and filed its response on January 29, 2008. ( a true copy of the Court order is attached

8 hereto as "Exhibit C", and made a part of this pleading).

9       WHEREFORE, Plaintiff prays that its Motion for Remand be granted and that its FAVC

10 be remanded to the State Court for adjudication.

11       The foregoing Memorandum of Points and Authorities is respectfully submitted by Daniel

12 Renard, Plaintiff in Pro Se.

13

14 Dated: January 31, 2008            By:_____

                                    DANIEL RENARD

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

"EXHIBIT A"

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RENARD, | ) | Case No. 06CV2665-H-BLM |
| | ) | |
| Plaintiff, | ) | San Diego, California |
| | ) | |
| vs. | ) | Friday, |
| | ) | January 12, 2007 |
| SAN DIEGO UNIFIED PORT | ) | 10:00 a.m. |
| DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:                DANIEL RENARD, PRO PER
                                  Post Office Box 6301
                                  San Diego, California 92166
                                  (619) 675-1692

For the Defendant:               WILLIAM McMINN, ESQ.
                                  Deputy Port Attorney
                                  San Diego Unified Port
                                    District
                                  3165 Pacific Highway
                                  San Diego, California  92101
                                  (619) 686-5444

Transcript Ordered by:           DANIEL RENARD

Court Recorder:                  Nancy Cablay
                                  United States District Court
                                  940 Front Street
                                  San Diego, California  92101

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

5

THE COURT:  Okay, thank you.

MR. RENARD:  Please don't take any disrespect --
the judge.  At any rate, I did -- at the time that we made
4 that particular agreement, I had faith that the Port
5 District were honorable people and would just honor the
6 agreement, the whole manner and issue of the case, which I
7 dismissed with prejudice as consideration for my permit.  I
8 have some contracting experience, and there has to be some
9 kind of a time specified in the agreement, which is in the
10 original motion papers.  I gave you a copy of the agreement.

11      The agreement was that this was going to settle
12 this matter infinitum, no problem, and the Port's attorney
13 sent me a letter.  After the hearing, then, we had before
14 Judge Stiven, in chambers, pre-settlement management
15 conference, we got together and I said all of my other
16 agreements, everything, I will forgive it if I am allowed to
17 just live my little life here.

18      THE COURT:  Could I interrupt?

19      MR. RENARD:  Yes, ma'am.

20      THE COURT:  See, if it's breach of a settlement
21 agreement, if it's in Federal Court, we wouldn't have
22 jurisdiction over breach of the settlement agreement unless
23 it's a supplemental claim, but we would if the Federal Court
24 retained jurisdiction.  So, I'll ask my clerk to take a look
25 at the end of the docket in that case, and see if there's

6

1 anything written about retention of the Court.

2        MR. RENARD:  There is not, ma'am.

3        THE COURT:  Not to retain jurisdiction.  But, you

4 do have other claims, other constitutional claims that give

5 the Court Federal jurisdiction.  Those are some asides, and

6 we'll look into that a little bit more.  You may proceed.

7        MR. RENARD:  It actually is a forerunner to what

8 has brought us here today.  I felt that it was a contract.

9 I know what a contract is.  I gave the Court some civil law

10 from California explaining that it is a contract.  And I got

11 a letter from the Chief of Police saying they were going to,

12 in effect, cancel my contract.  They were going to close the

13 A8 anchorage.  What I want to argue this morning, at least

14 in part, is that they have no authority to close the A8

15 anchorage.  But, then, they are tagging along with closing

16 the A8 anchorage, reneging on their regulation for a

17 disabled person anchorage, which obviously, they apparently

18 didn't make out of the goodness of their heart, because they

19 have, through administrative methods, figured out a way to

20 get around that.

21        There was another case prior to mine that had

22 established that, called John Gallagher.  I have a copy of

23 it here, your Honor.

24        THE COURT:  Do you want to submit that to the

25 Court?

"EXHIBIT B"

1  DANIEL RENARD
   P.O. Box 6301
2  San Diego, California 92166
   Phone: 619-675-1692
3

4  Plaintiff, In Pro Se

5

6

7

8            THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN DIEGO

10                        HALL OF JUSTICE

11 DANIEL RENARD                          Case No. 37-2007-00073093-CU-BC-CTL

12          Plaintiff,                    VERIFIED COMPLAINT FOR DAMAGES:

13 vs.                                    1. Enforcement of Settlement Agreement;
                                          2. Breach of Written Contract;
14 SAN DIEGO UNIFIED PORT DISTRICT        3. Negligent Misrepresentation;
   and, DOES 1 through 65, INCLUSIVE      4. Fraud & Deceit;
15                                        5. Breach of Implied Covenant of Good
                                             Faith and Fair Dealing;
16          Defendants,                   6. Injunctive Relief;
                                             Disgorgement Under California Business
17                                           and Professions Code § 17200 et seq.
18                                        7. Declaratory Relief.

19        COMES NOW, Plaintiff, DANIEL RENARD, and alleges against Defendants, SAN DIEGO

20 UNIFIED PORT DISTRICT, and, DOES 1through 65 INCLUSIVE, as follows:

21        1.  Plaintiff, DANIEL RENARD, is a disabled individual, and is, and at all times herein

22 mentioned was, a resident of the County of San Diego, State of California, within the jurisdictional

23 boundaries of this Court.

24        2. Defendants, SAN DIEGO UNIFIED PORT DISTRICT, is a public entity created as a

25 public corporation by the California State Legislature to manage San Diego Harbor, and administer

26 the public lands along San Diego Bay, within the jurisdictional boundaries of this Court.

27        3. Plaintiff is ignorant of the true names and capacities of the Defendant's sued herein as

28 DOES, 1 through 65 , INCLUSIVE, and therefore sues these Defendant's by such fictitious names

1    Plaintiff will amend this Complaint to show their true names and capacities when they have

2    been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges

3    that each of the fictitiously named defendant's is responsible in some manner for the occurrences

4    herein alleged, and Plaintiff's damages were proximately caused by such Defendant's.

5    4. Plaintiff is informed and believes, and on that basis alleges that each of the fictitiously

6    named Defendant's were and are the agents, employees, or representatives of the other Defendant's

7    and acting in concert with the other.

8    **SUMMARY OF ALLEGATIONS**

9    5. Plaintiff is the owner /operator of vessels in San Diego Bay, and is disabled.

10    6. On or about December 02, 2003, Plaintiff and Defendants, SAN DIEGO UNIFIED PORT

11    DISTRICT, entered into a settlement agreement and release of claims, (hereinafter referred to as the

12    "AGREEMENT" arising from a civil action filed by Plaintiff against Defendants in the United

13    States District Court case No. 03 CV 1443 J (JFS), on August 23, 2003.

14    7. Contained in the Agreement were provisions granting Plaintiff a "disabled", (persons

15    with disabilities), permit to anchor his vessel in the "A-9""disabled" free anchorage area.

16    8. On or about June 06, 2006, the Board of Port Commissioners of the SAN DIEGO

17    UNIFIED PORT DISTRICT, voted to permanently eliminate the "A-9" anchorage, and revoke

18    Plaintiffs disabled permit, in clear violation of their Agreement with Plaintiff. (a true copy of the

19    Settlement Agreement and Release of Claims is attached hereto as "Exhibit A", and made a part of

20    this pleading.)

21    10. Notwithstanding the breach of covenants contained in the Agreement, the elimination

22    of the "A-9" anchorage is in direct violation with the Port Districts own "Port Master Plan", which

23    has been confirmed by the California State Coastal Commission. (See letter from Diana Lily, Coast

24    Planner for the California Coastal Commission dated: June 21, 2007 and attached hereto as "Exhibit

25    B", and made a part of this pleading.)

26    11. Moreover, Defendant's, and each of them, through the elimination of said anchorages

27    have been unlawfully seizing and impounding vessels in the absolute absence of procedural and/or,

28    substantive due process to the vessel owners, including but not limited to Plaintiffs own vessel.

- 2 -

## FIRST CAUSE OF ACTION

### (Enforcement of Settlement Agreement)

12.  Plaintiff realleges and incorporates by reference all of the Paragraphs as fully set forth above.

13.  Plaintiff alleges that on or about June 06, 2006, Defendants, and each of them, violated their "Agreement" with Plaintiff by and through the total elimination of the "A-9" anchorage and revocation of Plaintiffs disabled permit which is expressly addressed, (page 1, ¶ 1), of the Agreement.

14.  Plaintiff further alleges that as a proximate result of the Defendants', and each of their, breach of Settlement Agreement, Plaintiff has been damaged in that he has had to incur legal fees and cost for enforcement, and for related costs, and mitigation expenses, in an amount which is presently unknown.

WHEREFORE, Plaintiff prays judgment against Defendants', and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Breach of Written Contract)

15. Plaintiff realleges and incorporates by reference all of the Paragraphs as fully set forth above.

16.  On or about December 02, 2003, Plaintiff entered into a written agreement with Defendants, and each of them, which set terms performed in full or in part by the parties until Defendants material breach on June 06, 2006 as described above.

17.  Under the terms of the contract, Plaintiff was to have been issued a disabled permit and allowed free anchoring in the "A-9" anchorage. Additionally, Plaintiff was to have complied with all requirements of the "A-9" anchorage, (Please see "Exhibit A" attached hereto and made a part of this pleading).

18. Pursuant to the written contract, Plaintiff at all times described herein satisfied his duties performed all conditions, covenants, and promises under the written Agreement on his part to be performed.

- 3 -

1    19.  As a direct result of Defendants, and each of their, breach of the written Agreement,

2  Plaintiff has been damaged in that he has had to incur legal fees and cost, and for related costs, and

3  mitigation expenses, in an amount which is presently unknown.

4    WHEREFORE, Plaintiff prays judgment against Defendants', and each of them, as

5  hereinafter set forth.

6                              **THIRD CAUSE OF ACTION**

7                              **(Negligent Misrepresentation)**

8    20.  Plaintiff realleges and incorporates by reference all of the Paragraphs as fully set forth

9  above.

10    21.  Plaintiff is informed and believes, and upon such information and belief alleges that

11  Defendants, and each of them,  negligently misrepresented and failed to disclose that they

12  were already planning on eliminating the "A-9" anchorage at the time they entered into contract with

13  Plaintiff, and through such negligence induced Plaintiff into entering into said contract.

14    22.  Plaintiff relied upon the covenants and conditions contained in its Agreement with

15  Defendants, and each of them, regarding Plaintiffs right to long term free anchoring in the "A-9"

16  anchorage and thereon dismissed its prior complaint against Defendants, with prejudice.

17    23.  Plaintiff requests all damages reasonably incurred which exceed the maximum

18  jurisdiction of this Court incurred from all covenants and conditions contained in its contract with

19  Defendants, and each of them, made by Defendants to Plaintiff to his detriment.

20    WHEREFORE, Plaintiff prays judgment against Defendants', and each of them, as

21  hereinafter set forth.

22                              **FOURTH CAUSE OF ACTION**

23                              **(Fraud & Deceit)**

24    24.  Plaintiff realleges and incorporates by reference all of the Paragraphs as fully set forth

25  above.

26    25.  On December 02, 2003, Defendants entered into a Settlement Agreement and Release

27  of Claims, in which Defendants, and each of them, were to have issued a disabled permit and grant

28  Plaintiff the right to long-term free anchoring in the "A-9" anchorage.

- 4 -

1    26. Plaintiff materially relied on Defendants representations and upon such representations

2    dismissed its lawsuit against Defendants "with prejudice" .

3    27. Plaintiff is informed and believes, and upon such information and belief alleges that, the

4    true facts were that the Defendants, and each of them, at the time they entered into Agreement with

5    Plaintiff, were already seeking to circumvent their agreement by and through elimination of the

6    anchorage which they agreed to issue a permit for, thereon denying Plaintiff its right to long-term

7    anchoring in San Diego Bay.

8    28. Plaintiff further alleges that the entire agreement and the intentional concealment of

9    facts, made by the Defendant, and each of them was done with the intent of inducing Plaintiff

10   dismiss its prior complaint with Defendant, with prejudice, and enter into a worthless contract.

11   29. At the time the agreement was made and at the time Plaintiff took the actions herein

12   described, Plaintiff was ignorant of Defendants', secret intention not to perform. Plaintiff could not,

13   in the exercise of reasonable diligence, have discovered Defendants' secret intentions based upon

14   the promises and representations made by Defendants'. If Plaintiff had known of the actual intentions

15   of Defendants, Plaintiff would not have taken such action.

16   30. The aforementioned conduct of Defendants, and each of them, to wit, making entirely

17   false representations regarding their intention of maintaining the "A-9" anchorage, attempting to

18   conceal their lies, all of which directly resulted in Plaintiff's damages constitutes an intentional

19   misrepresentation, deceit, an/or, concealment of material facts known to Defendants', and each of

20   them, with the intention of depriving Plaintiff of property or legal rights or otherwise causing injury

21   and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious

22   disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

23   WHEREFORE, Plaintiff prays judgment against Defendants', and each of them, as

24   hereinafter set forth.

25   /./.

26   /./.

27   /./.

28   /./.

- 5 -

**FIFTH CAUSE OF ACTION**

**(Breach of Covenant of Good Faith and Fair Dealing)**

31.  Plaintiff realleges and incorporates by reference all of the Paragraphs as fully set forth above.

32.  As set forth above, Plaintiff did dismiss its prior lawsuit against Defendants, "with prejudice, and only did so based upon the representations of Defendants, and each of them,  that he would be issued a disabled permit and thereon allowed long-term free anchoring and safe harbor, in the "A-9" anchorage in San Diego Bay.

33.  Notwithstanding, on June 06, 2006, the Board of Port Commissioners of the SAN DIEGO UNIFIED PORT DISTRICT, elected to permanently eliminate the "A-9", anchorage and revoke Plaintiffs' permit allowing him the right to long-term free anchoring in said anchorage.

34.  Through such actions, Defendants, and each of them, have constructively failed to cooperate with Plaintiff in the performance of all contacts, and thereby breached the implied covenant of good faith and fair dealing, respectively.

35.  Defendants, and each of them, failed to use their best effort to fulfill their obligations to Plaintiff and/or to give Plaintiff any reasonable alternative to fulfill their contractual obligation.

36.  As a direct proximate and consequential result of Defendants acts, Plaintiff has been damaged in loss of his home, future profits, interest, cost, legal fees and cost, and for related costs, and mitigation expenses, in an amount which is presently unknown.

WHEREFORE, Plaintiff prays judgment against Defendants', and each of them, as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

**(Injunctive Relief,  Disgorgement,**

**Under California Business & Professions Code § 17200 et seq.)**

37.  Plaintiff realleges and incorporates by reference all of the Paragraphs as fully set forth above.

/./.

/./.

38. Plaintiff is informed and believes, and upon such information and belief alleges that the SAN DIEGO UNIFIED PORT DISTRICT has a pattern practice and policy of seizing vessels in the absence of procedural, and/or, substantive due process to vessel owners.

39. Plaintiff further alleges that such seizures are unlawful and in violation of current regulatory policies conveyed by the federal government to the United States Coast Guard pursuant to 33 CFR 110.90.

40. Additionally, pursuant to the Port Master Plan, such ordinances enacted by the Board of Port Commissioners are not, and do not take effect until publication in the Federal Register. Plaintiff is informed and believes, and upon such information and belief alleges that as of the date of production, Defendants and each of them, have failed to publish their ordinances in the Federal Register. (See page 44 of the Port Master Plan, attached hereto as "Exhibit C", and made a part of this pleading.)

41. Defendant's practices as alleged herein are, and were, unfair, illegal, immoral, unethical and in violation of the law.

42. Wherefore, Plaintiff requests that Defendants, and each of them, disgorge any and all monies collected from Plaintiff in the way of fines and impound fees from, June 06, 2006 through and until the date of production of this document.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief)

43. Plaintiff realleges and incorporates by reference all of the Paragraphs as fully set forth above.

44. An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them in that Plaintiff contends and Defendants deny the following:

a)       Plaintiff contends that the Settlement Agreement is valid and enforceable;

b)       Defendant contends that the Settlement Agreement in invalid and non enforceable;

c)       Plaintiff desires a judicial determination of the respective rights and duties of Plaintiff, on one hand and Defendants, on the other hand, with respect to the rights of the parties under the Agreement, and in particular, the validity or invalidity of the Agreement.

- 7 -

1    Such Declaration is necessary and appropriate in order that Plaintiff may ascertain his rights

2  and duties with respect to the Agreement and his option rights, if any, under its Agreement with San

3  Diego Unified Port District.

4    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

5    a)    For special and general damages according to proof at the time of trial;

6    b)    For exemplary and punitive damages in an amount deemed sufficient to punish
        Defendants;

7

8    c)    For attorneys fees and cost of suit incurred herein; and,

9    d)    For any and all such further relief as the Court may deem just and proper.

10

11  Dated: 8-15-07                    By: _____
                                           DANIEL RENARD
12                                         Plaintiff / In Pro Per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VERIFICATION

STATE OF CALIFORNIA,                    Case No.

                              :§§       RENARD v. SAN DIEGO UNIFIED PORT DIST.

COUNTY OF SAN DIEGO:

I, DANIEL RENARD, if called upon to testify as a witness, would and competently do so of my own personal knowledge and do now declare as follows:

I am a party to this action. I have read the foregoing document, entitled Complaint for Damages for 1) Enforcement of Settlement Agreement; 2) Breach of Written Contract; 3) Negligent Misrepresentation; 4) Fraud & Deceit; 5) Breach of Implied Covenant of Good Faith and Fair Dealing; Injunctive Relief, Disgorgement under B&P Code 17200 et seq., and 4) Declaratory Relief, and know its contents. The matters stated are true of my own knowledge and belief, and as to those matters I believe them to be true.

I hereby declare under penalty of perjury, under the laws of the state of California, that the foregoing is true and correct.

Date: 8-15-07                    By: _____

                                        Daniel Renard

- 9 -

"EXHIBIT C"

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11   DANIEL RENARD,                         CASE NO. 07-CV-2347-H
                                            (BLM)
12                            Plaintiff,
              vs.                           ORDER SETTING BRIEFING
13                                          SCHEDULE
     SAN DIEGO UNIFIED PORT
14   DISTRICT,
15                            Defendant.
16
17          On January 7, 2008, the Court reassigned this case to Judge Huff based on the

18   local "low number" rule for related cases. (Doc. No. 5.) There is a pending motion to

19   remand that was set for a February 11, 2008 hearing before Judge Houston. (Doc. No.

20   3.) The Court vacates that hearing and sets the following briefing schedule:

21   •    Defendant shall submit its response in opposition to the motion on or before

22        **January 28, 2008**.

23   •    Plaintiff may submit an optional reply brief on or before **February 4, 2008**.

24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

                                       - 1 -                              07cv2347

1          The Court submits the motion on the papers pursuant to its discretion under Local

2     Civil Rule 7.1(d)(1).

3          IT IS SO ORDERED.

4

5     DATED:  January 16, 2008

6

7                                                        MARILYN L. HUFF, District Judge
                                                         UNITED STATES DISTRICT COURT

8

9     COPIES TO:
      All parties of record.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

07cv2347

**PROOF OF SERVICE**
[F.R.C.P. Sec. II, Rule 4.1(a)]

UNITED STATES DISTRICT COURT    )    RENARD V. SAN DIEGO UNIFIED PORT DIST.
   )
   ) **§§:**   Case No: 07-CV-2347-H-BLM
   )
SOUTHERN DISTRICT OF CALIFORNIA )

        I am employed in the City of Carlsbad, County of San Diego, State of California. I am over the age of 18 years and not a party to the within mentioned action. My business address is 1357 Rosecrans St", San Diego, California 92106.
On February 4, 2008 I caused the document(s) named below to be served on the interested parties in this action as follows:

DUANE E. BENNETT, ESQ.
PORT ATTORNEY
WILLIAM D. MCMINN, ESQ.
DEPUTY PORT ATTORNEY
3165 PACIFIC HWY.
P.O. BOX, 120488
SAN DIEGO, CALIFORNIA 92112-0488

        **DOCUMENTS SERVED:**        RESPONSE TO DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR REMAND

[ ]    **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oceanside, California. I am readily familiar with the correspondence for mailing, said practice being that in the ordinary course of business, mail is to be deposited in the United States Postal Service the same day as it is placed for collection.

[ X ]    **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee(s)

[ ]    **(BY SUBSTITUTED SERVICE ON NATURAL PERSON, MINOR, CONSERVATEE, OR CANDIDATE)**
By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household apparently in charge of the home, office, or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

[ ]    **(BY FACSIMILE)** I caused to be transmitted the document(s) described herein at approximately 3:00 p.m. via the Facsimile number(s) listed above. A copy of the transmission report(s) are attached hereto.

        I hereby declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

Executed on:    February 4, 2008

10:31
A.M,

ROSE JACKSON