1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  DANIEL RENARD,                                CASE NO. 07-CV-2347-H
                                                  (BLM)
12                              Plaintiff,
                                                  **ORDER GRANTING**
13      vs.                                       **PLAINTIFF'S MOTION TO**
                                                  **REMAND**
14  SAN DIEGO UNIFIED PORT
     DISTRICT, and DOES 1 through 65,
15  INCLUSIVE,

                                Defendants.
16

17

18        Defendant San Diego Unified Port District ("Defendant") removed this case from

19  San Diego Superior Court on December 17, 2007.  (Doc. No. 1.)  Plaintiff Daniel

20  Renard ("Plaintiff"), pro se, filed a motion to remand on January 2, 2008.  (Doc. No.

21  3.)  Defendant filed its opposition on January 29, 2008.  (Doc. No. 7.)  On February 4,

22  2008, Plaintiff filed his reply brief.  (Doc. No. 8.)  The Court submits the motion on the

23  papers pursuant to its discretion under Civil Local Rule 7.1(d)(1).  For the reasons

24  stated below, the Court  GRANTS Plaintiff's motion to remand the case to state court.

25

26                              **Background**

27        Plaintiff is the owner and operator of vessels in San Diego Bay.  (Doc. No. 1.)

28  On August 23, 2003, Plaintiff filed a civil action against Defendant in this court.  (Id.)

    On or about December 2, 2003, Plaintiff and Defendant entered into a settlement

                                      - 1 -

1   agreement.  (Id.)  Under the agreement, Defendant granted Plaintiff a disabled permit

2   to anchor his vessel in a free anchorage area, and Plaintiff agreed to dismiss his claims

3   with prejudice.    (Id.)    On or about June 6, 2006, Defendant's Board of Port

4   Commissioners voted to permanently eliminate the free anchorage area and revoked

5   Plaintiff's disabled permit. (Id.)  Plaintiff alleges that Defendant thereafter unlawfully

6   seized and impounded vessels, including the Plaintiff's vessel.  (Id.)

7          On August 15, 2007, Plaintiff filed suit against Defendants in San Diego Superior

8   Court.  (Id.)  Plaintiff's initial complaint stated seven causes of action: enforcement of

9   settlement agreement, breach of written contract, negligent misrepresentation, fraud and

10   deceit, breach of implied covenant of good faith and fair dealing, injunctive relief and

11   disgorgement under California Business and Professions Code § 17200 et seq., and

12   declaratory relief.  (Doc. No. 8.)  On November 9, 2007, the Superior Court denied

13   Defendant's motion for demurrer.   (Id.)   Plaintiff's amended complaint, filed on

14   November 19, 2007, eliminated the § 17200 cause of action.  (Doc. No. 1.) All six

15   remaining causes of action at least in part arise from the parties' negotiation of the

16   settlement agreement and Defendant's alleged breach of that agreement. Plaintiff's

17   declaratory relief cause of action seeks a determination of the parties' rights and duties

18   under the settlement agreement and 33 C.F.R. § 110.90, which defines the anchorage

19   grounds for vessels in San Diego Bay.  Plaintiff alleges that Defendant violated this

20   regulation when it eliminated the free anchorage area in the San Diego Bay and revoked

21   Plaintiff's disabled permit.  (Id.)

22          On December 17, 2007, Defendant removed Plaintiff's amended complaint to this

23   court pursuant to 28 U.S.C. § 1441(b).  (Id.)  Defendant contends that it may remove

24   Plaintiff's complaint under 42 U.S.C. § 1983 and 33 C.F.R. § 110.90.  (Id.)  However,

25   Plaintiff's well-pleaded complaint does not allege a cause of action under 42 U.S.C. §

26   1983 or 33 C.F.R. § 110.90.

27                                    **Discussion**

28          A civil action is removable under 28 U.S.C. § 1441(b) if it is "founded on a claim

1   or right arising under the Constitution, treaties or laws of the United States ... ."  28

2   U.S.C. § 1441(b).  A claim arises under federal law if "a well-pleaded complaint

3   establishes either that federal law creates the cause of action or that the plaintiff's right

4   to relief necessarily depends on resolution of a substantial question of federal law."

5   Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  See

6   Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (holding that the "party who

7   brings the suit is the master to decide what law he will rely upon.")  Courts should

8   construe removal statutes restrictively and resolve doubts regarding removability in

9   favor of remanding the case to state court.  Shamrock Oil & Gas Corp. v. Sheets, 313

10  U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

11      Defendant has failed to demonstrate that removal is proper in this action.

12  Plaintiff's first five claims seek damages from Defendant's alleged breach of written

13  contract, negligent misrepresentation, fraud & deceit, and breach of implied covenant

14  of good faith and fair dealing.  (Doc. No. 1.)  These clearly do not arise under federal

15  law. See, e.g. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 382

16  (1994) (finding that state courts should hear settlement agreement enforcement cases,

17  unless an independent basis for jurisdiction exists); Gardener v. UICI, 508 F.3d 559

18  (9th Cir. 2007) (indicating that remand of plaintiff's breach of contract and conspiracy

19  suit was proper without diversity jurisdiction).  Federal courts also do not have inherent

20  or ancillary jurisdiction to enforce a settlement agreement simply because the plaintiff

21  filed the underlying lawsuit in federal court.  Kokkonen, 511 U.S. at 380-81.

22      Contrary to Defendant's assertion, Plaintiff did not bring a cause of action under

23  42 U.S.C. § 1983 or 33 C.F.R. § 110.90.  First, Plaintiff's well-pleaded complaint does

24  not allege that Defendant violated 42 U.S.C. § 1983.  Removal jurisdiction is not

25  conferred simply because plaintiff had an opportunity to sue under a federal statute.

26  See Rains v. Criterion Systems, Inc., 80 F.3d 339, 343-44 (9th Cir. 1996) (holding that

27  removal was improper because although plaintiff's complaint referred to a federal

28  statute, the plaintiff's wrongful termination claim did not arise under the federal

1  statute); <u>Easton v. Crossland Mortgage Corp.</u>, 114 F.3d 979, 982 (9th Cir. 1997)

2  (finding no removal jurisdiction when a plaintiff's sexual harassment complaint referred

3  to Title VII of the Civil Rights Act and the U.S. Constitution but sought only state law

4  remedies).  Plaintiff's complaint makes no mention of 42 U.S.C. § 1983.  Therefore,

5  removal under 42 U.S.C. § 1983 is improper.

6       Second, Plaintiff's declaratory relief cause of action, which refers to 33 C.F.R.

7  § 110.90, does not confer removal jurisdiction.  33 C.F.R. § 110.90, which defines the

8  anchorage grounds for vessels in San Diego Bay, does not create a federal cause of

9  action. <u>See</u> <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 817 (1986).

10  In <u>Merrell</u>, the court stated that when evaluating whether a federal statute creates a

11  federal cause of action, courts should look to: (1) whether Congress passed the statute

12  to benefit the class of plaintiffs to which plaintiff belongs, (2) whether Congress

13  intended to provide a private right of action, (3) whether a federal cause of action would

14  further the statute's underlying scheme, and (4) whether state law traditionally controls

15  the plaintiff's cause of action.  <u>Merrell</u>, 478 U.S. at 810-11.  Congress passed 33 U.S.C.

16  § 471, which authorized 33 C.F.R. § 110.90, to ensure safe and efficient nautical

17  navigation, not to provide allegedly injured parties with a private right of action.  33

18  U.S.C. §§ 471, 1221-36, 2030, 2035, and 2071.  Morever, state law traditionally

19  controls Plaintiff's causes of action.  Therefore, a federal question does not arise from

20  Plaintiff's claim for declaratory relief relating to 33 C.F.R. § 110.90 because the

21  regulation does not create a federal cause of action.

22       Plaintiff's right to relief also does not rely on a court's resolution of a substantial

23  federal law question.  The regulation anticipates state actors resolving issues arising

24  under 33 C.F.R. § 110.90, noting that "[m]ariners anchoring in these anchorages,

25  excluding Anchorage A-6, should consult applicable local ordinances of the San Diego

26  Unified Port District." 33 C.F.R. § 110.90.  Therefore, Plaintiff's well-pleaded

27  complaint does not raise a federal law question.

28

1

**Conclusion**

2    For the reasons stated above, the Court GRANTS Plaintiff's motion to remand

3  this case to state court.

4    IT IS SO ORDERED.

5  DATED:  February 13, 2008

6

MARILYN L. HUFF, District Judge
7  UNITED STATES DISTRICT COURT

8

9

10  COPIES TO:
All parties of record
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28